IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEANNE ROBINSON, et al., | : | |
| Plaintiffs | : | |
| v. | : | Civil Action No. S-96-3658 |
| GEORGE BALOG, et al., | : | |
| Defendants | : | |

oOo

## ORDER

On May 24, 2000, after a jury trial, judgment was entered on behalf of Plaintiffs Jeanne Robinson and David Marc against Defendants George Balog and Leonard Addison. Judgment also was entered on behalf of Defendant Robert Guston. Currently pending are Bills of Costs filed by Defendant Guston and Plaintiffs Robinson and Marc. The Clerk has reviewed the Bills of Costs and any opposition thereto.

Plaintiffs Robinson and Marc have filed two Bills of Costs seeking attorneys fees and costs which were awarded by the Court. The Clerk does not award costs which have already have been awarded by a judge. Plaintiffs' Bills of Costs will be denied as moot.

Defendant Guston is seeking a total of $2,104.70 in costs. As a preliminary matter, Plaintiffs argue the Bill of Costs was not timely filed because it was not entered on the docket until June 14, 2000. The Bill of Costs is date stamped as received by the Clerk on June 12, 2000. Because Defendant Guston had no control over when it was actually entered on the docket, it will be deemed to have been filed on that date and is thus timely.

Defendant Guston seeks $831.30 for the cost of the deposition of Kenneth Strong. The Court

may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). While the court may allow a transcription expense if the making of the transcript was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses. As Mr. Strong testified at trial, the cost of his deposition, $810.30, will be allowed. However, the cost of the ASCII disk and shipping and handling will not be allowed.

Defendant Guston also is seeking $635.00 in service fees for deposition subpoenas. Of this amount, $350.00 is for service on Dorinda Hughes. As Ms. Hughes did not testify at trial and her deposition was not introduced, the costs for service on her will not be allowed. The other witnesses did testify and the $285.00 for service of deposition subpoenas on them will be allowed. Defendant Guston also seeks $200.00 in witness fees for deposition attendance. $50.00 of this amount was paid to Ms. Hughes and will not be allowed for the same reasons the service fee relating to her was not allowed. The remaining $150.00, paid to witnesses who testified at trial will be allowed.

Finally, Defendant Guston seeks $438.40 for copying of plaintiff's trial exhibits and copies of deposition transcripts. While the reasonable costs of exhibits submitted to the court may be recovered, these appear to be copies made for counsel's own convenience. None of this cost will be allowed.

## SUMMARY

Defendant Guston will be allowed costs of $1,245.30. All other costs are disallowed.

CONCLUSION

In accordance with the foregoing, Defendant Guston is hereby awarded costs of $1,245.30. The Bills of Costs by Plaintiffs Robinson and Marc are denied as moot.

A party may seek review of this decision as is provided for in Fed. R. Civ. P. 54(d)(1).

The Clerk is directed to docket this Order and mail copies to all counsel of record.

DATED this _____ day of _____ 2000.

_____
Felicia C. Cannon
Clerk
United States District Court